Filed 3/29/16  P. v. Edwards CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>         Plaintiff and Respondent,<br><br>v.<br><br>RUSSELL ELIJAH EDWARDS,<br><br>         Defendant and Appellant. | A144436<br><br>(Solano County<br>Super. Ct. No. VCR185598) |

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, counsel for appellant Russell Elijah Edwards has asked the court to review the record to determine if there are any arguable issues in connection with the issuance of an order granting additional direct restitution payable to the California Victim Compensation and Government Claims Board (VCB).  Counsel served on appellant, care of his trial attorney (appellant having been released from custody and appellate counsel having sworn that he is unable to obtain a current address for appellant), notice of his right to file a supplemental brief, and no supplemental brief has been filed.  Having reviewed the record, we find no arguable issues and shall affirm the additional restitution order.

Appellant suffered a May 2008 conviction for corporal injury to a spouse (Pen. Code, § 273.5, subd. (a)) [1] and assault with a deadly weapon (§ 245, subd (a)(1)) on his spouse in 2006.  He was sentenced to 10 years in state prison on July 17, 2008, at which time the court made an order for $1,617.76 in direct restitution payable to the VCB.  On

---

[1] All statutory references are to the Penal Code.

1

December 31, 2013, appellant remained in custody, and the Solano County District Attorney filed a motion to compel additional restitution. The district attorney argued the VCB had paid out the additional funds for services to the victim and her three children, "J.," "R.," and "R.," including mental health and relocation.

Appellant waived his appearance and the court received the prosecutor's documentary evidence of the basis for the claim. Defense counsel did not dispute $1,651.61 requested for services to the appellant's spouse, the direct victim of the crimes for which he was convicted, but contested the claims for the children on the ground the prosecutor's documentary evidence was hearsay and did not demonstrate a nexus between the services they received and appellant's conduct. After reviewing and releasing to counsel the prosecutor's "sealed restitution packet," over defense counsel's objections the court ordered additional restitution of $3,564 claimed for mental health counseling of J., but excluded additional amounts paid by VCB for services to the victim's other two children that were not shown to have been incurred as a result of appellant's crime.

Our review of the sealed restitution packet confirms that appellant was properly ordered to make restitution to the VCB for the $3,564 that it paid to J's therapist, a licensed marriage and family therapist, for therapy provided to J, commencing in October 2011. Defense counsel's hearsay objection to copies of the therapist's billings and reports was properly overruled. (§ 1202.4, subd. (f)(4)(B); *People v. Lockwood* (2013) 214 Cal.App.4th 91, 103-104.) Section 1202.4, subdivision (f)(4)(A) creates a rebuttable presumption that amounts paid by the VCB "to or on behalf of a victim or derivative victim" was for assistance that was "a direct result of the defendant's criminal conduct and shall be included in the amount of the restitution ordered." Not only did appellant fail to present any evidence rebutting the presumption, but the restitution packet discloses that J. was suffering mental health problems arising from defendant's attack on her mother, combined with his previous attack on J. herself and J.'s apprehension caused by appellant's imminent release from custody. The restitution packet includes the therapist's

certification that in her opinion, 100 percent of J.'s treatment was "necessary as a direct result of the qualifying crime."

Throughout the proceedings leading to the entry of the additional restitution order, appellant was competently represented by counsel. There are no issues warranting further briefing or consideration.

The additional restitution order entered on February 20, 2015 is affirmed.


_____

Pollak, Acting P.J.


We concur:


_____

Siggins, J.


_____

Jenkins, J.